**CITIZEN ADVOCACY CENTER, et al., Plaintiffs–Appellants,**

v.

**DuPAGE AIRPORT AUTHORITY, et al., Defendants–Appellees.**

No. 97–2455.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1998.

Decided April 8, 1998.

Rehearing Denied May 26, 1998.

Theresa A. Amato, Myrrha B. Guzman (argued), Elmhurst, IL, for Plaintiffs–Appellants.

James A. Romanyak, Larry L. Thompson (argued), Bell, Boyd & Lloyd, Chicago, IL, for DuPage Airport Authority.

James E. Morris, Office of the United States Attorney, Civil Division, Appellate Section, Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, for Federico Pena, David R. Hinson and Jeri Alles.

Brian F. Barov (argued), Office of the Attorney General, Criminal Appeals Division, Chicago, IL, for Kirk Brown.

Before HARLINGTON WOOD, JR., EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

The Secretary of Transportation may not grant federal funds "for an airport development project involving the location of an airport or runway or a major runway extension" unless "the sponsor certifies to the Secretary that—(i) an opportunity for a public hearing was given to consider the economic, social, and environmental effects" of the project. 49 U.S.C. § 47106(c)(1)(A). DuPage County, Illinois, recently extended the main runway at DuPage Airport from 5,100 to 6,700 feet, and plaintiffs, who live in or near the County, believe that the opportunity they had to comment on the project did not amount to a "public hearing". The district judge thought otherwise and granted summary judgment to the defendants. We need not explore the merits; there is no federal jurisdiction.

■ Our use of the past tense ("recently extended") is one clue. The project was finished in December 1996, five months before the district court entered its judgment. DuPage County informed the district court of this fact, yet the court did not mention the possibility of mootness. On appeal the County represents that it has no plans to extend the runway again. Plaintiffs reply that the Airport Authority could be required to give the federal money back—to which defendants rejoin that they never received a penny of federal aid that could be returned, and that the Department of Transportation is not authorized to reimburse units of government for projects completed without federal aid. This set off a debate about whether the Department might be authorized to underwrite the cost of some of the planning that went into the runway's design. But the answer does not matter, because there was no federal jurisdiction on the day the suit began. Plaintiffs' claim is outside the domain of § 47106, and therefore does not come within the federal-question jurisdiction under 28 U.S.C. § 1331. See *Steel Co. v. Citizens for a Better Environment*, —— U.S. ——, ——, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998); *Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974); *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Recall the language of the statute: the Secretary may not approve federal funds unless the project's sponsor certifies that it extended an opportunity for a public hearing. Under such a statute project sponsors have no duty to hold hearings; they are free to forswear federal funds. The only legal duty belongs to the Secretary, who may not act unless a condition has been fulfilled. Because the Secretary has not approved the

disbursement of federal funds, that duty cannot have been violated.

Plaintiffs filed this suit soon after the DuPage Airport Authority applied for federal aid, and although both the state and federal defendants pointed out that the application had not been granted and argued that subject-matter jurisdiction therefore had not been established, the district court never addressed the jurisdictional issue. Although it may be possible to say that an airport authority that accepts federal funds has agreed to fulfill the statutory conditions, cf. *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), which might in turn permit suit on the theory that the plaintiffs are third-party beneficiaries of a contract between the Secretary and the airport, see *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474 (7th Cir.1985), the foundation for such a claim—a grant from the Treasury—has not been laid. Unless the Secretary, or a state carrying out the Secretary's "administrative responsibility" under a block grant program, see 49 U.S.C. § 47128(a), has approved the disbursement of federal funds, § 47106 is irrelevant. DuPage County paid for the extension with its own revenues, so plaintiffs have no federal case.

 Just so with plaintiffs' second claim, under the National Environmental Protection Act. NEPA directs "all agencies of the Federal Government" to "include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment a detailed statement" assessing effects and alternatives. 42 U.S.C. § 4332(C). One may doubt that adding 1,600 feet to a runway of a regional airport that does not offer commercial service is one of those "*major* ... actions significantly affecting the quality of the human environment"; more to the point, it is not "major *Federal* action". No federal agency approved the project. None prepared a recommendation or report that the environmental impact statement could have accompanied. So although it is conceivable that units of local government may be proper defendants in NEPA actions—as one was, though without analysis of the issue, in *Strycker's Bay Neighborhood*

*Council, Inc. v. Karlen*, 444 U.S. 223, 100 S.Ct. 497, 62 L.Ed.2d 433 (1980)—the Act does not enter the picture, and the identity of the defendant is irrelevant, unless a federal agency has made a recommendation or report on a proposal for major federal action.

Federal money comes with strings. But state and local governments need not play the marionette to the national government's puppeteer unless the performance has been paid for. Neither of the federal laws on which plaintiffs rely regulates local projects paid for by local revenues. Jurisdiction is the first issue in every suit, yet the district judge failed to address the jurisdictional obstacles. The court should have dismissed the complaint promptly for lack of subject-matter jurisdiction. The judgment is vacated and the case remanded for that purpose.